1

2

3

4

5

6

THE HONORABLE _____

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

SHEILA A. AHLMAN,                                    )
                                                     )
10                              Plaintiff,            )
                                                     )
11          v.                                        )      Case No. 3:13-cv-5849
                                                     )
12   EXTENDICARE HEALTH FACILITIES,                   )
     INC.; EXTENDICARE HEALTH                         )      **NOTICE OF REMOVAL TO**
13   NETWORK, INC.; EXTENDICARE                       )      **FEDERAL COURT**
     HEALTH SERVICES, INC.; EVERGREEN                 )
14   NURSING AND REHABILITATION                       )
     CENTER; JOHN DOES 1-5,                           )
15                                                    )
                                Defendants.           )
16   _____       )

17   TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

18          THE WESTERN DISTRICT OF WASHINGTON, AT TACOMA

19          Pursuant to 28 U.S.C. §§ 1331, 1332 and 1441 *et seq.*, defendants Extendicare Health

20   Facilities, Inc.; Extendicare Health Network, Inc.; Extendicare Health Services, Inc.; and

21   Evergreen Nursing and Rehabilitation Center ("Defendants"),[1] hereby remove the above-

22   captioned action from the Superior Court of Washington for King County to this Court on the

23   separate and independent grounds of (1) original jurisdiction based on diversity of citizenship

24   and (2) original jurisdiction based on a federal question.  The following statement is submitted

25   in accordance with 28 U.S.C. § 1446:

26   _____
     [1] Defendants assert that Extendicare Homes, Inc. d/b/a Evergreen Nursing & Rehabilitation
27   Center is the only proper defendant in this matter.

NOTICE OF REMOVAL - 1
CASE NO. 3:13-CV-5849

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

114773.0137/5821851.1

1.      On August 28, 2013, plaintiff commenced this action against Defendants in the Thurston County Superior Court as designated Case No. 13-2-01832-0.   *See* Complaint,[2] Summons, Notice of Assignment/Notice of Scheduling Conference, Case Information Cover Sheet, Motion for Declaration for Waiver of Civil Filing Fees and Surcharges and Order re Fee Waiver attached to the Declaration of Sarah E. Swale ("Swale Decl.") as Exhibit A.   In addition, the Notice of Appearance filed by counsel for Defendants is attached to the Swale Decl. as Exhibit B.

### DIVERSITY JURISDICTION

2.      Plaintiff alleges in her Complaint she is a resident of Washington State.   *See* Exhibit A to Swale Decl., Complaint at ¶ 1.

3.      Plaintiff has named four corporations as defendants.   None of the four named corporations are incorporated in Washington as discussed below:

a.      Defendant Extendicare Health Facilities, Inc. ("EHF") was served on August 29, 2013.   *See* Exhibit C to Swale Decl. (Declarations of Service).   EHF is incorporated in Wisconsin, with its principal place of business in Wisconsin.   *See* Exhibit D to Swale Decl. (Washington State Secretary of State Registration Data for EHF).

b.      Defendant Extendicare Health Network, Inc. ("EHN") was served on August 29, 2013.   *See* Exhibit C to Swale Decl.   EHN is incorporated in Delaware, with its principal place of business in Wisconsin.   *See* Exhibit E to Swale Decl. (Washington State Secretary of State Registration Data for EHN).

c.      Defendant Extendicare Health Services, Inc. ("EHS") was served on August 29, 2013.   *See* Exhibit C to Swale Decl.   EHS is incorporated in Delaware, with its principal place of business in Wisconsin.   *See* Exhibit F to Swale Decl. (Washington State Secretary of State Registration Data for EHS).

d.      Plaintiff attempted service on Defendant Evergreen Nursing and

---

[2] Defendants have redacted the non-party resident's name from the Complaint filed by Plaintiff to protect the resident's protected health information.  *See also* Exhibit H to Swale Decl.

NOTICE OF REMOVAL - 2
CASE NO. 3:13-CV-5849

114773.0137/5821851.1

1  Rehabilitation Center, which is owned and operated by Extendicare Homes, Inc. ("EHI"), on

2  August 28, 2013. *See* Exhibit C to Swale Decl. EHI is incorporated in Delaware, with its

3  principal place of business in Wisconsin. *See* Exhibit G to Swale Decl. (Washington State

4  Secretary of State Registration Data for EHI).[3]

5  4.    Plaintiff also identified "John Does 1-5" as defendants. *See* Exhibit A to Swale

6  Decl., Complaint. Plaintiff admits that she is unaware of the true name and capacity of any of

7  the John Doe defendants and is suing them under fictitious names. *Id.*, at ¶ 4. In determining

8  whether a civil action is removable on grounds of diversity jurisdiction, the citizenship of

9  defendants sued under fictitious names is disregarded. 29 U.S.C. § 1441(b)(1).

10  5.    In Plaintiff's Complaint, Plaintiff made it clear that she assesses the amount in

11  controversy in this matter to exceed $75,000, exclusive of interest, costs and attorneys' fees.

12  *See* Exhibit A Swale Decl., Complaint at p. 6 (Demand for Relief seeking damages of over

13  $1,000,000.00).

14  6.    The above-mentioned action is a civil action of which this Court has original

15  jurisdiction based on diversity of citizenship pursuant to the provisions of 28 U.S.C. § 1332(a)

16  ("The district courts shall have original jurisdiction of all civil actions where the matter in

17  controversy exceeds $75,000, exclusive of interest and costs, and is between – (1) citizens of

18  different States").

19  7.    Here, the amount in controversy exceeds $75,000, exclusive of attorney fees and

20  costs, and Plaintiff and Defendants (disregarding the fictitious John Doe Defendants) are of

21  diverse citizenship. Therefore, the Court has diversity jurisdiction over this action, and

22  removal is proper pursuant to 28 U.S.C. § 1332(a), 1441(b)(2) & 1446.

23  **FEDERAL QUESTION JURISDICTION**

24  8.    The above-mentioned action is a civil action of which this Court has original

25

26  [3] At no time did not EHF, EHS or EHN employ Plaintiff; therefore, none of them are the proper
defendant in this matter. And Evergreen Nursing and Rehabilitation is not a separate entity;

27  instead, it is a "dba" for EHI. Plaintiff was at all relevant times employed by EHI.

NOTICE OF REMOVAL - 3
CASE NO. 3:13-CV-5849

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

jurisdiction over federal questions pursuant to the provisions of 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  Plaintiff's Complaint includes a claim for retaliation under the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 660(c).  *See* Exhibit A to Swale Decl., Complaint at p. 5 (Claim 2: 29 U.S.C. 660(c)) and p. 6 (seeking $1,000,000.00 in damages on her "second claim for relief for violation of 29 U.S.C. 660(c)."  Accordingly, Plaintiffs' action is a civil action raising a federal question which may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

9.      To the extent that Plaintiff is alleging other state law claims in her Complaint (e.g., WISHA retaliation, defamation and intentional infliction of emotional distress), 28 U.S.C. § 1441(c) allows for removal of the entire case whenever a separate and independent claim, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims.  28 U.S.C. § 1441(c).  Because this Court would have had jurisdiction over plaintiff's OSHA retaliation claim had it been filed originally in this Court, the entire case is therefore removable to this Court pursuant to 28 U.S.C. §§ 1441(a)-(c), and 1446(a)-(b).

**TIMELINESS AND VENUE**

10.      Pursuant to 28 U.S.C. section 1446(b), this notice of removal is timely filed as it is being filed within thirty (30) days after "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  *See* Exhibits A and C to Swale Decl.

11.      Removal to this Court is proper, as it the United States District Court for the district and division within which Plaintiff's action, Thurston County Superior Court Case No. 13-2-01832-0, is pending.  *See* 28 U.S.C. §§ 1391, 1441(a) & 1446(a).

12.      As required by 28 U.S.C. § 1446, a true and correct copy of all state court process, pleadings, or orders served on the removing parties to date are attached to the Swale Decl. as Exhibits A, B and C.

NOTICE OF REMOVAL - 4
CASE NO. 3:13-CV-5849

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

114773.0137/5821851.1

13.    By seeking removal, Defendants do not waive, and expressly reserve, all rights, defenses, or objections of any nature that it may have to Plaintiff's claims.

14.    A copy of this Notice of Removal and the Swale Decl. is being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).  A copy of this Notice of Removal and the Swale Decl. is also being filed with the clerk of the Superior Court of Washington for Thurston County.

15.    Defendants request that the above action now pending against it in the Superior Court of Thurston County be removed to this Court.

DATED:  September 25, 2013

LANE POWELL PC


By    s/Sarah E. Swale
      Sarah E. Swale, WSBA No. 29626
      swales@lanepowell.com


By    s/Barbara J. Duffy
      Barbara J. Duffy, WSBA No. 18885
      duffyb@lanepowell.com


      1420 Fifth Avenue, Suite 4100
      Seattle, WA  98101
      Telephone: 206-223-7000
      Facsimile:  206-223-7107

Attorneys for Defendants

NOTICE OF REMOVAL - 5
CASE NO. 3:13-CV-5849

114773.0137/5821851.1

1

<u>**CERTIFICATE OF SERVICE**</u>

2      Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under

3  the laws of the State of Washington and the United States, that on the 25th day of September,

4  2013, the document attached hereto was presented to the Clerk of the Court for filing and

5  uploading to the CM/ECF system.  In accordance with their ECF registration agreement and the

6  Court's rules, the Clerk of the Court will send e-mail notification of such filing to the

7  following:

8

9      Ryan A. Jacobsen
       Jacobsen Law Offices, P.S.

10     2018 Caton Way SW, Suite 106
       Olympia, WA 98502-1119

11     Email:  ryan@jacobsenlawoffice.com

12     DATED this 25th day of September, 2013 at Seattle, Washington.

13

14                              s/Lorrie A. Salinas
                                 Lorrie A. Salinas, Legal Assistant

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL - 6
CASE NO. 3:13-CV-5849

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

114773.0137/5821851.1