☐ EXPEDITE (within 5 court days)
☐ Hearing is set for _____ at _____
on the calendar for _____.

**FILED**
AUG 28 2013
SUPERIOR COURT
BETTY J. GOULD
THURSTON COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF THURSTON

SHEILA A. AHLMAN,

    Plaintiff,

vs.

EXTENDICARE HEALTH FACILITIES, INC.; EXTENDICARE HEALTH NETWORK, INC.; EXTENDICARE HEALTH SERVICES, INC.; EVERGREEN NURSING AND REHABILITATION CENTER; JOHN DOES 1-5,

    Defendants.

Case No. 13-2-01832-0

COMPLAINT FOR

1. DISCRIMINATION
2. RETALIATION
3. DEFAMATION
4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

JURY TRIAL DEMANDED
(RCW § 49.17.160; 29 USC 660(C))

This is an action for violations under RCW § 49.17.160, 29 USC 660(C), Defamation, and Intentional Infliction of Emotional Distress.

## THE PARTIES

1. At all times material hereto, Plaintiff herein was a resident of Thurston County, Washington.

2. At all times material hereto, Defendants EXTENDICARE HEALTH FACILITIES, INC., EXTENDICARE HEALTH NETWORK, INC., and EXTENDICARE HEALTH SERVICES, INC. were corporations organized under, and by virtue of the laws of the State of Washington.

COMPLAINT FOR DISCRIMINATION, RETALIATION, AND DEFAMATION - 1

Jacobsen Law Office, P.S.
2018 Caton Way SW, Suite 106
Olympia, WA 98502-1119
Phone: (360) 918-7776
Fax: (360) 352-3553

3. At all times material hereto, Defendant EVERGREEN NURSING AND REHABILITATION CENTER was located in Thurston County, and was a division of, and owned and operated by, EXTENDICARE HEALTH FACILITIES, INC., EXTENDICARE HEALTH NETWORK, INC., and EXTENDICARE HEALTH SERVICES, INC.

4. Plaintiff is unaware of the true name and capacity of Defendants sued hereunder as JOHN DOES 1-5 ("John Doe Defendants"), and therefore sues the John Doe Defendants by that fictitious name. Plaintiff will amend this complaint to allege the true names and capacities of the John Doe Defendants when that information is ascertained. Plaintiff is informed and believes, and on that basis alleges, that the John Doe Defendants are in some manner responsible for some or all of the occurrences alleged herein. Plaintiff further believes that the injuries alleged herein resulted from such occurrences, and were proximately caused by the John Doe Defendants.

5. The actions alleged herein to have been undertaken by EXTENDICARE HEALTH FACILITIES, INC., EXTENDICARE HEALTH NETWORK, INC., EXTENDICARE HEALTH SERVICES, INC., EVERGREEN NURSING AND REHABILITATION CENTER, and JOHN DOES 1-5 (collectively, "Defendants") were undertaken by each Defendant individually; were actions that each Defendant caused to occur; were actions that each Defendant authorized, controlled, directed, or had the ability to authorize, control or direct; and/or were actions in which each Defendant assisted, participated, or otherwise encouraged; and are actions for which each Defendant is liable. Each Defendant aided and abetted the actions of the Defendants set forth below, in that each Defendant had knowledge of those actions, provided assistance and benefited from those actions, in whole or in part. Each of the Defendants was the agent of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of the other Defendants.

## JURISDICTION AND VENUE

6. Jurisdiction and venue lie properly within this Court pursuant to RCW § 2.08.010.

COMPLAINT FOR DISCRIMINATION, RETALIATION, AND DEFAMATION - 2

Jacobsen Law Office, P.S.
2018 Caton Way SW, Suite 106
Olympia, WA 98502-1119
Phone:  (360) 918-7776
Fax:    (360) 352-3553

## THE PRESENT CONTROVERSY

### Plaintiff's Reports of Violations of Safety and Health

7. Plaintiff was an employee of Defendants, or their subsidiaries and/or agents as a Nurses Aid, Certified ("NAC"), starting September 18, 2012.

8. Evergreen Nursing and Rehabilitation Center ("Evergreen") is a nursing home facility located at 430 Lilly Road NE, Olympia, Washington 98506. Plaintiff's place of employment was at Evergreen until approximately June 23, 2013.

9. On or about May 2013, Plaintiff reported a co-worker for stealing and consuming resident food, creating a health and safety hazard.

10. On numerous occasions from September 2012 to June 2013, Plaintiff reported to supervising nurses regarding neglect of residents by other co-workers related to health and safety hazards.

### Defamation, Retaliation, and Discrimination Against Plaintiff

11. On or about June 23, 2013 at approximately 2:00 a.m. to 2:30 a.m., Plaintiff was providing care to Marjorie Prentice, a resident of Evergreen. Ms. Prentice is a frail, elderly woman, over 90 years old. Plaintiff performed her duties and left Ms. Prentice's room.

12. On or about June 23, 2013 at approximately 3:50 a.m., Plaintiff's boss, her supervising nurse, told Plaintiff that someone ("Informant") reported that she had done something horrific to a resident.

13. Informant reported that Plaintiff had both hands around Ms. Prentice's throat, shaking her head back and forth.

14. The nurse instructed Plaintiff that she was required to leave work. Plaintiff left.

15. Informant reported that an elderly woman who was allegedly being strangled while her frail head was snapping back and forth, yet the co-worker of Plaintiff did absolutely nothing to remove the resident from harm.

16. The allegations against Plaintiff were false and published by Defendants who Plaintiff had reported numerous times for causing safety and health hazards in the workplace.

COMPLAINT FOR DISCRIMINATION, RETALIATION, AND DEFAMATION - 3

Jacobsen Law Office, P.S.
2018 Caton Way SW, Suite 106
Olympia, WA 98502-1119
Phone: (360) 918-7776
Fax: (360) 352-3553

### Further Discrimination and Retaliation

17. On or about June 28, 2013, Defendants had made no effort to contact Plaintiff regarding her employment or the allegations.

18. At the end of that week, on June 28, 2013, Plaintiff called Defendants and eventually was connected with the resident care manager, Jeb. Plaintiff told Jeb what happened the night of the incident.

19. On or about July 5, 2013, Defendants still had not contacted Plaintiff regarding the incident. Plaintiff called Defendants and left a message for the resident care manager to call her. No one returned her call.

### Additional Reports of Health and Safety Hazards

20. On or about July 5, 2013, Plaintiff prepared a letter through her attorney to Defendants. See **Exhibit "A"** attached, *Letter to Evergreen dated 7/5/2013*. In the letter, Plaintiff reported discriminatory and retaliatory conduct against Plaintiff, and facts identifying numerous counts of safety and health hazards involving co-workers, including the conduct surrounding the allegations against Plaintiff.

21. Defendants still have not communicated to Plaintiff anything regarding an investigation, her employment, or the allegations against her.

### Injuries to Plaintiff

22. Plaintiff received payment for the days she worked prior to the incident, but has not been paid for the time off work during the investigation. Since Defendants discriminated and retaliated against Plaintiff, Plaintiff eventually took a job for less pay.

23. Plaintiff has experienced considerable stress and anxiety regarding the incident and treatment by Defendants, resulting in increased blood pressure, unhealthy sleep patterns, emotional distress, and other health complications.

24. The defamatory statements made against her by Defendants caused past and future economic losses for Plaintiff, including lost wages, loss of future earnings, and injury to reputation.

COMPLAINT FOR DISCRIMINATION, RETALIATION, AND DEFAMATION - 4

Jacobsen Law Office, P.S.
2018 Caton Way SW, Suite 106
Olympia, WA 98502-1119
Phone: (360) 918-7776
Fax: (360) 352-3553

## CLAIM 1

### RCW 49.17.160

25. Plaintiff incorporates and realleges each and every allegation contained in paragraphs 1 to 24 of this Complaint.

26. On information and belief, Plaintiff alleges that Defendants knowingly and willfully discharged and/or discriminated against Plaintiff because Plaintiff filed a complaint or instituted or caused to be instituted any proceeding under or related to Chapter 49.17 of the Revised Code of Washington, or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of herself or others of any right afforded by said chapter.

## CLAIM 2

### 29 USC 660(c)

27. Plaintiff incorporates and realleges each and every allegation contained in paragraphs 1 to 26 of this Complaint.

28. On information and belief, Plaintiff alleges that Defendants knowingly and willfully discharged and/or discriminated against Plaintiff because Plaintiff filed a complaint or instituted or caused to be instituted any proceeding under or related to 29 USC 660(c), or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of herself or others of any right afforded by said section.

## CLAIM 3

### Defamation

29. Plaintiff incorporates and realleges each and every allegation contained in paragraphs 1 to 28 of this Complaint.

30. Informant and other Defendants intentionally and maliciously published false statements about Plaintiff to numerous persons, which statements have injured Plaintiff emotionally, physically, and economically.

COMPLAINT FOR DISCRIMINATION, RETALIATION, AND DEFAMATION - 5

Jacobsen Law Office, P.S.
2018 Caton Way SW, Suite 100
Olympia, WA 98502-1119
Phone: (360) 918-7776
Fax: (360) 352-3553

## CLAIM 4

### Intentional Infliction of Emotional Distress

31. Plaintiff incorporates and realleges each and every allegation contained in paragraphs 1 to 30 of this Complaint.

32. Informant and other Defendants intentionally published false statements about Plaintiff to harm Plaintiff, which statements were of the most outrageous nature, and which have caused severe emotional distress in Plaintiff.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

1. On her first claim for relief for violation of RCW 49.17.160, in the sum of $1,000,000.00.

2. On her second claim for relief for violation of 29 USC 660(c), in the sum of $1,000,000.00.

3. On her third claim for relief for defamation, in the sum of $1,000,000.00.

4. For her costs and disbursements.

5. For such further relief as the Court deems just.

DATED the 26th day of August, 2013.

JACOBSEN LAW OFFICE, P.S.

Ryan A. Jacobsen, WSBA No. 43336
Attorney for Plaintiff

### VERIFICATION

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed at Olympia, Washington on this 26th day of August, 2013.

Sheila Ahlman, Plaintiff

COMPLAINT FOR DISCRIMINATION, RETALIATION, AND DEFAMATION - 6

Jacobsen Law Office, P.S.
2018 Caton Way SW, Suite 106
Olympia, WA 98502-1119
Phone: (360) 918-7776
Fax: (360) 352-3553